UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Jonny Osmar Reyes Obando, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

         *Plaintiff*,

   - *against* -

AMD Food Corp., Sunshine Food Corp., and Asmatullah Tokhie,

         *Defendants*.
-------------------------------------------------------------X

Case No.: 1:23-cv-01681-LDH-SJB

**AFFIRMATION IN SUPPORT OF CERTIFICATE OF DEFAULT**

  Jason Mizrahi, an attorney admitted to practice law in the State of New York, duly affirms under the penalties of perjury as follows:

  1. I am an attorney with Levin-Epstein & Associates, P.C. ("Levin-Epstein") and counsel for Plaintiff Jonny Osmar Reyes Obando (the "Plaintiff"), in the above-captioned proceeding. I am fully familiar with the facts and circumstances surrounding this matter.

  2. I submit this affirmation pursuant with Rule 55(a) of the Federal Rules of Civil Procedure, in support of Plaintiff's application for certificate of default against Defendant Asmatullah Tokhie (the "Defaulting Defendant").

  3. The Defaulting Defendant is not an infant or incompetent person for whom a committee has been appointed, or in the military service as defined by the Act of Congress known as the "Soldiers' and Sailors' Civil Relief Act" of 1940 and in the New York "Soldiers' and Sailors' Civil Relief Act".

  4. This is an action seeking recovery against the Defaulting Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department

of Labor regulations.

5. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

6. Plaintiff filed the Complaint on March 5, 2023. [Dckt. No. 1].

7. On March 5, 2023, Plaintiff filed a Request for Issuance of Summons as to the Defaulting Defendant. [Dckt. No. 4].

8. The electronic summons was subsequently issued on March 8, 2023. [Dckt. No. 5].

9. On March 10, 2023, the Defaulting Defendant was served a Summons and Complaint, with Civil Cover Sheet. [Dckt. No. 8]. Pursuant to Fed.R.Civ.P. 12, an answer or other response to the Complaint was due on or before March 31, 2023.

10. On March 16, 2023, Proof of Service was filed with the Court. [Dckt. No. 8].

11. However, to date, Defaulting Defendant has not answered or otherwise responded to Plaintiff's Complaint and that time for Defaulting Defendant to do so has expired.

12. The action seeks judgment against the Defaulting Defendant for: violations of the FLSA, and violations of Articles 6 and 19 of the NYLL and their supporting New York State Department of Labor regulations. Plaintiff seek injunctive and declaratory relief and to recover unpaid minimum wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA"), as well as for retaliation.

Dated: New York, New York
      April 3, 2023   Respectfully submitted,

By: /s/ Jason Mizrahi
Jason Mizrahi
Levin-Epstein & Associates, P.C.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*